Brian J. Lawler, CA SBN 221488
**PILOT LAW, P.C.**
701 B Street, Suite 1170
San Diego, CA  92101
Telephone: (866) 512-2465
Facsimile: (619) 231-4984

Gene J. Stonebarger, CA SBN 209461
**STONEBARGER LAW**
A Professional Corporation
75 Iron Point Circle, Ste. 145
Folsom, CA 95630
Telephone: (916) 235-7140
Facsimile: (916) 235-7141

*Attorneys for Plaintiff and the Class*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK DUFFER, an individual, on behalf of himself and all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>UNITED CONTINENTAL HOLDINGS, INC., a Delaware Corporation; UNITED AIRLINES, INC., a Delaware Corporation; CONTINENTAL AIRLINES, INC., a Delaware Corporation;  UNITED AIRLINES, INC., a Delaware Corporation; AIR LINE PILOTS ASSOCIATION, INT'L, an unknown business entity; THE CONTINENTAL AIRLINES CHAPTER OF THE AIR LINE PILOTS ASSOCIATION, INT'L, an unknown business entity, inclusive,<br><br>Defendants. | CASE NO.:   **'13CV0318 GPC WVG**<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(1) VIOLATIONS OF 38 U.S.C. §4301 ET SEQ;**<br><br>**(2) VIOLATIONS OF CALIFORNIA MILITARY AND VETERANS CODE §394; AND**<br><br>**(3) NEGLIGENCE**<br><br><br>DEMAND FOR JURY TRIAL |

-1-

COMPLAINT FOR DAMAGES                                                         CASE NO.:

**FILING FEE WAIVED PER 38 U.S.C. § 4323(h)**

Plaintiff Mark Duffer, on behalf of himself and the class of all other similarly situated persons, complains and alleges upon information and belief based, among other things, upon the investigation made by Plaintiff by and through his attorneys, as follows:

## I.

## NATURE OF ACTION

1.  This is a civil class action brought pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301 et. seq. ("USERRA"), California Military and Veterans Code ("MVC") § 394, and Federal and State common law. It is brought by Plaintiff on behalf of a nationwide Class of all persons similarly situated, including current and former employees of United Continental Holdings, Inc. ("UCH") and its wholly owned subsidiaries, United Airlines, Inc. ("United") and/or Continental Airlines, Inc. ("Continental"), who were or are currently serving in the United States Armed Services or National Guard.

## II.

## PARTIES

2.  Plaintiff, MARK DUFFER ("Plaintiff"), is a citizen of the United States and a resident of the State of California. Plaintiff is currently employed by Continental as a pilot and is also a Lieutenant Colonel in the Unites States Marine Corps Reserve.

3.  Plaintiff is a qualified employee and member of the uniformed services for purposes of 38 U.S.C. §4303(3), (9), and (16).

4.  Defendant UNITED CONTINENTAL HOLDINGS, INC. ("UCH") is believed and therefore alleged to be a corporation organized under the laws of the State of Delaware. At all relevant times, UCH was and is an employer for purposes of 38 U.S.C. § 4303(4)(A) and § 4323(i).

5.     Defendant UNITED AIRLINES, INC. ("United"), a subsidiary of UCH, is believed and therefore alleged to be a corporation organized under the laws of the State of Delaware. At all relevant times, United was and is an employer for purposes of 38 U.S.C. § 4303(4)(A) and § 4323(i).

6.     Defendant CONTINENTAL AIRLINES, INC. ("Continental"), a subsidiary of UCH, is believed and therefore alleged to be a corporation organized under the laws of the State of Delaware. At all relevant times, Continental was and is an employer for purposes of 38 U.S.C. § 4303(4)(A) and § 4323(i).

7.     Defendant AIR LINE PILOTS ASSOCIATION, INTERNATIONAL, ("ALPA"), is believed and therefore alleged to be the labor union that represents airline pilots, many of which reside in the State of California, and is believed and alleged to be an association whose principal address is 1625 Massachusetts Ave NW, Washington, DC 20036. At all relevant times, UAL-ALPA may be considered an employer for purposes of 38 U.S.C. § 4303(4)(A) and § 4323(i).

8.     Defendant CONTINENTAL AIRLINES CHAPTER OF THE AIR LINE PILOTS ASSOCIATION, INT'L (herein "CAL-ALPA"), is believed and therefore alleged to be the Continental Chapter of ALPA that represents the Continental pilot group with members who reside in the State of California, and is alleged and believed to be an association whose principal address is 3808A World Houston Parkway, Houston, Texas. At all relevant times, CAL-ALPA may be considered an employer for purposes of 38 U.S.C. § 4303(4)(A) and § 4323(i).

9.     Whenever and wherever reference is made to individuals who are not named as defendants in this action, but were employees/agents of defendants, or any of them herein, such individuals at all times acted on behalf of defendants named in this action within the scope of their respective employments and agencies.

10. Whenever and wherever reference is made in this Complaint to any conduct of defendants, or any of them, such allegations or references shall also be deemed to mean the conduct of each defendant, acting individually, jointly and severally.

11. Plaintiff is informed and believes, and on the basis of that information and belief alleges, that at all times mentioned in this complaint, defendants were the agents and employees of their codefendants, and in doing the things alleged in this complaint were acting within the course and scope of that agency and employment.

12. Plaintiff does not seek any relief greater than or different from the relief sought for the Class of which Plaintiff is a member. The action, if successful, will enforce an important right affecting the public interest and would confer a significant benefit, whether pecuniary or non-pecuniary, on a large class of persons. Private enforcement is necessary and places a disproportionate financial burden on Plaintiff in relation to Plaintiff's stake in the matter

### III.

### JURISDICTION AND VENUE

13. Count I of this complaint arises under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. §§4301-4333.  The jurisdiction of this court is founded on federal question jurisdiction, 28 U.S.C. §1331, as conferred by 38 U.S.C. §4323(b)(3). Venue is proper because United and Continental maintain places of business in this district, as provided in 38 U.S.C §4323(c)(2), 28 U.S.C. §1391(b), and because ALPA and CAL-ALPA are associations with members who reside in this district.

14. Count II of this complaint arises California Military and Veterans Code ("MVC") § 394.  The jurisdiction of this court as to this Count is conferred by 28 U.S.C. §1367(a).

15. Pursuant to 38 U.S.C. § 4323(h), "No fees or court costs may be charged or taxed against any person claiming rights under [USERRA]."

-4-
COMPLAINT FOR DAMAGES                                                                  CASE NO.:

## IV.

## **GENERAL FACTUAL ALLEGATIONS**

16. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained within paragraphs 1 through 15, inclusive, as though set forth at length herein and made a part hereof.

17. Plaintiff Duffer is a resident of San Diego, California, and he is employed by Continental as a pilot, based on Los Angeles, California.

18. Plaintiff is a Lieutenant Colonel in the United States Marine Corps Reserve ("USMCR").

19. Plaintiff is also a member of and for purposes of his employment as a pilot, represented by CAL-ALPA.

20. Prior to May 2010, United and Continental were individual and independent companies operating as flag commercial air carriers.

21. On or about May 2, 2010, United and Continental announced merger plans to combine both air carriers. Plaintiff believes and alleges that during the merger and prior to integration of both carriers' operations which has not yet occurred, the individual carriers have been owned and controlled by the holding company, UCH.

22. Plaintiff believes and alleges that the combined carriers employ more than 10,000 pilots, of which approximately 4,500 are employed at Continental, and the majority of whom are represented by CAL-ALPA. Plaintiff is informed and believes that approximately 700 of the Continental pilots are members of the United States Armed Services or National Guard.

23. The pilots of Continental have been performing their duties under a collective bargaining agreement negotiated between Continental, ALPA and CAL-APLA that was effective approximately between April 1, 2005, and December 31, 2008.

24. As part of the merger and integration process, UCH, ALPA, CAL-ALPA and the United Airlines Air Line Pilot Association ("UAL-ALPA") negotiated a Joint United Pilot

Agreement ("UPA") covering both pilot groups. The UPA was approved on or about December 15, 2012 and executed on or about December 18, 2012.

25. As part of the UPA and described in Letter of Agreement ("LOA") Number 24, UCH has agreed to provide ALPA with a $400 million "lump sum payment" to be divided amongst the total pilot group.

26. The UAL-ALPA and CAL-ALPA engaged in arbitration to determine how the $400 million payment is to be divided between the two pre-merger pilot groups, CAL-ALPA and UAL-ALPA. The arbitrator determined that $175 million was to be divided amongst the Continental pilot group.

27. Following the arbitration award, the CAL-ALPA determined the allocation method for the Continental pilots and this method was included as Exhibit C of the UPA LOA 24.

28. As part of its formula, the CAL-ALPA, with the concurrence of ALPA, Continental and UCH, utilized an "earnings portion" and "availability portion" to determine each pilot's lump sum payments.

29. The UAL-ALPA utilized a different formula that only takes into account prior earnings, not availability, when calculating payments for its represented pilots.

30. When determining the "availability portion" under the CAL-ALPA formula, if the pilot was available for part of each month during the specific period, the pilot would be entitled to the maximum payment attributed to the availability portion of the payment. If the pilot was unavailable due to military leave during any full month during the period, those months on military leave would be deducted from the pilot's overall availability and the pilot would receive a smaller payment than which he/she is otherwise entitled to under USERRA.

31. The CAL-ALPA calculations do not exclude some other forms of leave, including but not limited to jury duty and sick leave.

32. Plaintiff is informed and believes that UCH has held the $400 million on behalf of ALPA, CAL-ALPA and UAL-ALPA, and that payments of these funds will go directly from UCH to the individual pilots.

33. On or about January 31, 2013, the first of approximately two payments for the "lump sum distribution" occurred, and Plaintiff is informed and believes that periods of military service were excluded from this payment for the entire Continental Pilot group.

34. Plaintiff was substantially underpaid in the first payment and will be substantially underpaid in his total "lump sum" payment due to exclusion of his military service periods when calculating his "lump sum payment."

35. Plaintiff is informed and believes that all class members have been and will be similarly underpaid due to their military commitments.

36. USERRA (38 U.S.C. §§4301-4333) prohibits "discrimination against persons because of their service in the uniformed services."

37. Section 4311 of USERRA protects persons who serve in the uniformed services from acts of discrimination and reprisal; for example, a person "who is a member of,…performs, has performed,…or has an obligation to perform service in a uniformed service shall not be denied…retention in employment or any benefit of employment by an employer on the basis of that membership,…performance of service, or obligation."

38. "Benefit" is defined as:

The term 'benefit', 'benefit of employment', or 'rights and benefits' means the terms, conditions, or privileges of employment, including any advantage, profit, privilege, gain, *status*, account, or interest (including wages or salary for work performed) that accrues by reason of an employment contract or agreement or an employer policy, plan, or practice and includes rights and benefits under a pension plan, a health plan, an employee stock ownership plan, insurance coverage and awards, bonuses, severance pay, supplemental unemployment benefits, vacations, and the opportunity to select work hours or location of employment."

38 U.S.C. §4303(2).

39. More specifically, Section 4316 of USERRA provides that any period of absence from employment due to or necessitated by uniformed service is not considered a break in employment, so an employee absent due to military duty must be treated as though they were continuously employed.

40. Section 4311(c) further provides:

An employer shall be considered to have engaged in actions prohibited:

> (1) under subsection (a), if the person's membership, application for membership, service, application for service, or obligation for service in the uniformed services is a motivating factor in the employer's action, unless the employer can prove that the action would have been taken in the absence of such membership, application for membership, service, application for service, or obligation for service.

38 U.S.C. §4311(c).

41. The pilots and other labor groups at Continental are subject to collective bargaining agreements. This lawsuit does not contest the interpretation of any collective bargaining agreement. It only refers to items that may be covered under collective bargaining agreements that penalize employees for military service in violation of USERRA and in order to provide background and a general understanding of Plaintiff's allegations. This lawsuit does address a specific violation of USERRA and it addresses the CAL-ALPA's failure to properly represent a large segment of its own members.

42. The exclusion of military service periods from the "availability" portion of the lump sum payment constitutes a violation of USERRA with respect to Plaintiff and the class of similarly situated present and former pilots who have taken military leave while employed with Continental.

43. Plaintiff brings this action on behalf of himself and all others similarly situated, as a class action pursuant to Rule 23(a) and 23(b)(1), 23(b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure. The nationwide class which Plaintiff seeks to represent is composed of and defined as follows (hereinafter the "Class"):

<u>All past and present pilots of Continental who are or were members of the United States Armed Services or National Guard and who have taken military leave from January 1, 2009 to the present while employed by Continental.</u>

44. Plaintiff is a member of the class he seeks to represent.

45. The members of the class are sufficiently numerous that joinder of all members is impracticable. Plaintiff is informed and believes that the class exceeds 100 present and former pilots of Continental.

46. There are questions of law and fact common to the class, and these questions predominate over individual questions. Such questions include, without limitation: whether defendants have excluded periods of military service from the "availability" periods when calculation the lump sum payments provided to the pilots per the UPA; whether defendants' acts and practices have violated USERRA by discriminating against Continental pilots who are members of the Armed Forces and have taken military leave; whether Plaintiff and class are entitled to compensatory and/or liquidated damages; and whether injunctive and other equitable remedies for the class are warranted.

47. The claims by Plaintiff are typical of the claims of the class.

48. The named Plaintiff will fairly and adequately represent and protect the interests of the class, and has no conflict of interests with the class

49. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

50. Class certification is appropriate pursuant to Fed. R. Civ. Proc. Rule 23(b)(2) because defendants have acted on grounds generally applicable to the class, making appropriate declaratory and injunctive relief to Plaintiff and the class as a whole. The class members are entitled to injunctive relief to end defendants' practices that have caused military affiliated pilots to be excluded from certain benefits and to be treated differently than pilots who have taken comparable types of leave.

51. Appropriate injunctive relief suspending all future payments until this matter is resolved is appropriate in order to prevent a depletion of the funds that would be required to properly compensate pilots who have taken military leave during the period.

## V.

## FIRST CAUSE OF ACTION

### (As against Defendants UCH, CONTINENTAL, ALPA and CAL-ALPA)

### Violations of 38 U.S.C. §4301 et seq.

52. Plaintiff hereby alleges and incorporates all paragraphs 1-51 above by reference herein.

53. Plaintiff's protected status as a USMC Reservist was a substantial motivating factor in Defendants' denial of benefits, conditions and privileges of Plaintiff's employment without good cause.

54. Plaintiff had performed military service during a substantial portion of the period used to calculate the "lump sum" payments.

55. The months that Plaintiff performed military service were excluded from the "availability" portion of the payment provided to Plaintiff and Plaintiff has been informed that the remaining "lump sum" payment will be similarly reduced. This reduction resulted and will result in a substantially lower "lump sum" payment provided to Plaintiff and all those class members whose availability was reduced due to their military service obligations.

56. Section 4311 of USERRA protects persons who serve in the uniformed services from acts of discrimination and reprisal; for example, a person "who is a member of,…performs, has performed,…or has an obligation to perform service in a uniformed service shall not be denied…retention in employment or any benefit of employment by an employer on the basis of that membership,…performance of service, or obligation."

57. Defendants, and each of them, knowingly and willfully violated Sections 4311 and 4312 of USERRA, among other ways, by discriminating against Plaintiff, and by denying

-10-
COMPLAINT FOR DAMAGES                                              CASE NO.:

him employment benefits "on the basis of" his "obligation to perform service in a uniformed service."

58. As a direct and proximate result of the conduct of defendants as set forth in this count, Plaintiff has suffered injuries and damages including but not limited to, loss of past and future earnings, loss of past and future benefits, all to his damage in an amount to be proven at trial.

59. Plaintiff alleges such violations of USERRA were willful and requests liquidated damages in an amount equal to the amount of his lost wages and other benefits pursuant to 38 U.S.C. §4323(d)(1)(C).

60. Plaintiff seeks injunctive relief to prevent future payments of the $175 million "lump sum" payments to the Continental pilot group until this matter is resolved in order to prevent a depletion of the funds which will result in the inability of Plaintiff and the class to be made whole.

61. Pursuant to 38 U.S.C. §4323(h), Plaintiff further requests an award of reasonable attorney's fees, expert witness fees, and other litigation expenses.

## VI.

## SECOND CAUSE OF ACTION

**(As Against Defendants UCH, Continental, ALPA and CAL-ALPA)**

## Violations of California Military and Veterans Code §394

62. Plaintiff hereby alleges and incorporates all paragraphs 1-61 above by reference herein.

63. Plaintiff brings this claim under California state law with federal court jurisdiction being conferred by 28 U.S.C. §1367(a).

64. California Military & Veterans Code §394 provides that no person shall discriminate against any member of the military or naval forces of the United States because of that membership. Section 394 also provides that no employer or person shall discharge any person from employment because of the performance of any ordered military duty, or

-11-
COMPLAINT FOR DAMAGES                                                  CASE NO.:

prejudice or harm him in any manner in his employment, position, or status by reason of performance of military service or duty.

65. Defendant's motive for excluding the Plaintiff and the class members periods of military service from the "availability" portion of Plaintiff's and the class members' "lump sum" payment, as set forth above, was their participation in National Guard and Military Reserve duty, in violation of §394.

66. As a direct and proximate result of the conduct of defendants, and each of them, as set forth in this count, Plaintiff has suffered injuries and damages including but not limited to, loss of past and future earnings, loss of past and future benefits, all to his damage in an amount to be proven at trial.

67. As a further direct result of the conduct of defendants, and each of them, as set forth in this Count, Plaintiff suffered emotional distress including but not limited to, depression, frustration, anger, loss of self worth, and humiliation, all to his damage in an amount to be proven at trial.

68. Pursuant to MVC §394(g), Plaintiff requests an award of attorney fees against defendants, and each of them.

## VII.
## THIRD CAUSE OF ACTION
**(As Against Defendants UCH, Continental, United, ALPA and CAL-ALPA)**
### Negligence

69. Plaintiff hereby alleges and incorporates all paragraphs 1-68 above by reference herein.

70. Defendants UCH, Continental, United, ALPA and CAL-ALPA each had a duty of care to ensure that no statues or laws are violated by the UPA or during the performance of the UPA.

71. As part of and during the negotiations that resulted in a total lump sum payment of $400 million to the overall pilot group, defendants UCH, Continental, United, ALPA and

CAL-ALPA each had a duty of care to ensure that the total agreed to amount would be enough to account for periods of military service in any availability period calculations.

72. Defendants UCH, Continental, United, ALPA and CAL-ALPA have breached their duty of care by allowing violations of federal and state laws including but not limited to USERRA and the California MVC, when calculating availability as applied to the "lump sum" calculations and payments.

73. Furthermore, defendants UCH, Continental, United, ALPA and CAL-ALPA have breached their duty of care by negotiating a total "lump sum" payment amount that is insufficient in providing for "lump sum" payments that included periods of military service.

74. As a direct and proximate result of the negligent conduct of defendants, and each of them, as set forth in this count, Plaintiff and the class have suffered injuries and damages including but not limited to, loss of past and future earnings, loss of past and future benefits, all to his damage in an amount to be proven at trial.

## VIII.
## PRAYER FOR RELEIF

**WHEREFORE**, based on the foregoing, Plaintiff prays for relief against defendants, and each of them, as follows:

1. Determine that this action may proceed and be maintained as a class action, designating Plaintiff as Lead Plaintiff, and certifying Plaintiff as the class representative under Rule 23 of the Federal Rules of Civil Procedure and their counsel of record as Class Counsel;

2. Declare that the acts and practices complained of herein are unlawful and are in violation of USERRA, 38 U.S.C. § 4301, et.seq. and the MVC § 394;

3. Require that UCH, Continental, United, ALPA, CAL-ALPA and UAL-ALPA fully comply with the provisions of USERRA and MVC by providing Plaintiff and Class Members all employment benefits denied them as a result of the unlawful acts and practices under USERRA and MVC described herein, including, but not limited to the inclusion of

-13-
COMPLAINT FOR DAMAGES                                      CASE NO.:

periods of military service in the availability portion of the "lump sum" calculations and payments.

4. Enjoin UCH, Continental, United, ALPA, CAL-ALPA and UAL-ALPA from taking any action against Plaintiffs and members of the Class that fails to comply with the provisions of USERRA and MVC;

5. As to the First and Second Cause of Action, fees and expenses, including attorneys' fees pursuant to 38 U.S.C. §4323(h) and California Military and Veterans Code §394(g), respectively;

6. Award Plaintiff and the class prejudgment interest on the amount of lost wages or employment benefits found due.

7. Order that UCH, Continental, United, ALPA, CAL-ALPA and/or UAL-ALPA pay compensatory and/or liquidated damages in an amount equal to the amount of lost compensation and other benefits suffered by reason of Continental's willful violations of USERRA.

8. Grant an award for costs of suit incurred.

9. Grant a preliminary injunction preventing any future "lump sum" payments to the Continental pilot group until this matter is fully resolved so as to prevent the depletion of "lump sum" payment fund.

10. Grant such other and further relief as may be just and proper and which Plaintiff and the class may be entitled to under all applicable laws.

Respectfully Submitted,

Dated:  February 8, 2013          PILOT LAW, P.C.
                                  STONEBARGER LAW, APC

                                  By: __/s/ Brian J. Lawler_____
                                      BRIAN J. LAWLER
                                      GENE J. STONEBARGER
                                      Attorneys for Plaintiff and the Class

# DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of all issues triable as of right by a jury in the above action.

Respectfully Submitted,

Dated:  February 8, 2013

PILOT LAW, P.C.
STONEBARGER LAW, APC

By: __/s/ Brian J. Lawler_____
    BRIAN J. LAWLER
    GENE STONEBARGER
    Attorneys for Plaintiff and the Class